UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Aaliyah Thames,<br>         Plaintiff(s),<br>v.<br>Jerry's Nugget,<br>         Defendant(s). | Case No. 2:25-cv-00556-RFB-NJK<br>**Order**<br>[Docket No. 30] |

The parties have come to an agreement as to the designation and handling of material they deem to be confidential, and seek judicial approval of that agreement in the form of a protective order. Docket No. 30 (amended stipulation).

Discovery is meant to proceed "largely unsupervised by the district court." *Sali v. Corona Reg. Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018); *see also Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015) (quoting *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986)). Unless such stipulation interferes with court proceedings or deadlines, parties may agree among themselves to discovery procedures without obtaining judicial approval. Fed. R. Civ. P. 29(b). Permissible extra-judicial discovery agreements may extend to establishing procedures and protections regarding the exchange of confidential discovery material. *See, e.g.*, *Midwest Athletics & Sports All. LLC v. Ricoh USA, Inc.*, 332 F.R.D. 159, 161 (E.D. Penn. 2019) (denying stipulated protective order, while also explaining that, "[n]otwithstanding the absence of judicial *imprimatur*, the parties may agree to maintain confidentiality of discovery materials"); *David J. Frank Landscape Cont'g, Inc. v. La Rosa Landscape*, 199 F.R.D. 314, 315 (E.D. Wis. 2001) (denying stipulated protective order, while also explaining that "[t]he parties are free to enter agreements between themselves regarding how they will disseminate material produced in

discovery").[1] When parties seek judicial approval of a discovery agreement that does not require judicial approval, judges are well within their discretion to deny such request as unnecessary. *See, e.g.*, *Comminey v. Sam's W. Inc.*, 2020 WL 2764610, at *1 (D. Nev. May 27, 2020) (overruling objection).

The stipulation represents that discovery in this case will extend to sensitive records regarding non-parties, including medical records, financial records, and employment records. Docket No. 30 at 2.[2] The stipulation argues further that the parties' agreement on confidentiality does not extend to this non-party information. *See id.* ("Without this Court's entry of a protective order, which at this point only binds the parties to the agreement, any production of a non-party's records risks their disclosure during discovery"). As to the former, the Court notes that the parties may agree to redaction of certain personal identifiers, *cf.* Fed. R. Civ. P. 5.2; Local Rule IC 6-1, which may limit the universe of sensitive information. As to the latter, the Court does not follow the parties' logic. The parties are the custodians of the subject information. The parties have reached an agreement to keep the information they exchange confidential if so designated. Regardless of whether that is party or non-party information, the parties would be bound by that agreement as the holders of the information. Indeed, the instant filing reiterates that the parties themselves have a "mutual recognition" of the need to safeguard this information. No meaningful explanation is advanced that the parties would not be required to hold designated information in confidence simply because it relates in some way to a non-party. Moreover, if information is sought by subpoena from a non-party, nothing would appear to prohibit that non-party from joining the party's agreement as to confidential treatment.

In short, the amended stipulation continues to lack a sufficient showing as to why judicial oversight is required as to the party's discovery agreement. Accordingly, the amended stipulation is **DENIED** without prejudice. If the parties continue to believe that a judicially-approved

---

[1] If discovery material is later filed with the Court, a proper showing must be made at that point to support any request for sealing or redaction. *See, e.g.*, *Ricoh*, 332 F.R.D. at 161.

[2] It is not clear why this case regarding alleged racial discrimination at a casino requires discovery into non-party medical records or non-party financial records.

protective order is warranted, they must file a renewed stipulated protective order providing meaningful argument on the issues identified herein by October 2, 2025.

IT IS SO ORDERED.

Dated: September 29, 2025

_____
Nancy J. Koppe
United States Magistrate Judge